**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Ellenora G. Jackson, et al.,** | ) | **CASE NO. 1:07 CV 2670** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **L&F Martin Landscape, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

### Introduction

This matter is before the Court upon defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 7). For the following reasons, the motion is GRANTED.

### Facts

Plaintiffs, Ellenora G. Jackson, Walter Jackson and Rena Wilson, filed this Complaint against defendants, L&F Martin Landscape and Mark J. Belig. The Complaint, premised on diversity jurisdiction, alleges that on September 5, 2005, defendant Belig negligently operated his vehicle, owned by his employer, defendant L&F Martin Landscape, so that it struck plaintiffs' vehicle from behind. The accident occurred in New Jersey. Plaintiffs are residents of Cleveland, Ohio. Defendants are residents of New Jersey.

1

This matter is now before the Court upon defendants' Motion to Dismiss for Lack of Personal Jurisdiction.  The motion is brought pursuant to Federal Rule Civil Procedure 12(b)(2).

**Discussion**

In the context of a Rule 12(b)(2) motion, a plaintiff bears the burden of establishing the existence of jurisdiction. *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir.1989). Where the court "relies solely on written submissions and affidavits to resolve a Rule 12(b)(2) motion, rather than resolving the motion after either an evidentiary hearing or limited discovery, the burden on the plaintiff is relatively slight, and the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal." *Air Products and Controls, Inc. v. Safetech Intl., Inc.*, 503 F.3d 544 (6th Cir. 2007) (internal quotations and citations omitted). The pleadings and affidavits must be viewed in a light most favorable to the plaintiff, and the court should not weigh the controverting assertions of the party seeking dismissal. *Id.*

In analyzing personal jurisdiction in a diversity action, this Court looks to the law of Ohio to determine the reach of the district court's personal jurisdiction over the parties, subject to constitutional due process requirements.  Ohio's long-arm statute is Ohio Revised Code § 2307.382 which lists the type of conduct by the defendant which may be sufficient for personal jurisdiction when it gives rise to a cause of action.

Because the Ohio's long-arm statute does not reach to the full limits of the federal constitution, the Court applies a three-step analysis to determine whether exercising personal jurisdiction would violate due process. Namely, whether there was purposeful availment,

whether the cause of action arose out of the contacts with the state and whether exercising jurisdiction would be reasonable. *Brunner v. Hampson*, 441 F.3d 457 (6th Cir. 2006).

With regard to the long-arm statute, plaintiffs rely on § 2307.382 (A)(6), "[c]ausing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state." Plaintiffs submit Ellenora Jackson's affidavit wherein she avers that defendant Belig caused the car accident by rear-ending plaintiffs' car with his truck. As a result, all plaintiffs were injured and continued to suffer these injuries when they returned to Ohio. (Jackson aff.) Accordingly, plaintiffs assert that the Ohio statute is satisfied because Belig caused the tortious injury outside this state and, due to the severity of the crash, a reasonably prudent person would have expected the injuries to still be suffered in Ohio.

Defendants assert that sub-section (A)(6) is inapplicable because the injury did not occur "in this state," but in New Jersey. And, defendants contend that plaintiffs' assertion that the injuries "continued" to be suffered when plaintiffs returned to Ohio violates the clear language of the statute. This Court agrees. The motor vehicle accident occurred in New Jersey where plaintiffs were injured. Defendants did not cause the injury in Ohio by negligently operating the truck in New Jersey. *See also Estate of Poole v. Grosser,* 134 Ohio App.3d 386 (1st Dist. 1999) (The allegedly negligent actions occurred in Kentucky and although plaintiff ultimately died in Ohio, "no Ohio court has adopted this portable tort theory" so as to satisfy the long-arm statute.)

Having found that the Ohio long-arm statute has not been satisfied, the Court need not

proceed to the constitutional analysis. *Brunner v. Hampson*, 441 F.3d 457 (6th Cir. 2006) ("[W]e hold that the Ohio long-arm statute is not satisfied in this case. We thus have no reason to analyze whether the Fourteenth Amendment's Due Process Clause is a limitation on the exercise of personal jurisdiction.")

Even assuming plaintiffs satisfied the long-arm statute, due process is not met as discussed below.

First, to exercise personal jurisdiction, this Court must find that the defendants purposefully availed themselves of the privilege of acting in the forum state or causing a consequence in the forum state. Plaintiffs assert that defendants certainly caused a consequence in Ohio by causing plaintiffs to suffer their physical injuries here. This is not evidence of purposeful availment. Additionally, defendants submit the affidavits of David Dimartino, president of L&F Martin Landscape, and Mark Belig who both demonstrate that they have no connections to Ohio. Specifically, Dimartino's affidavit attests that L&F Martin Landscape conducts landscaping services only in New Jersey, maintains no contracts with persons or entities in Ohio, derives no revenue from Ohio and has no interest or realty in Ohio. (Dimartino aff.) Belig avers that he has never resided in Ohio, has no contractual relations with persons or entities in Ohio, owns no property in Ohio and derives no income from Ohio. (Belig aff.) Plaintiffs fail to controvert these averments and, thus, do not establish a prima facie case of personal jurisdiction.

Second, the cause of action must arise from the defendants' activities here. Plaintiffs present no evidence of such.

Finally, the acts of the defendants or consequences caused by the defendants must

4

have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendants reasonable.  Plaintiffs merely state that fairness dictates that the exercise of jurisdiction would be reasonable.  In the absence of any showing, the Court finds the third prong to be unsatisfied.

For these reasons, the Court lacks personal jurisdiction over defendants.

Plaintiffs state that in the event the Court does not find personal jurisdiction, then the case should be transferred to New Jersey pursuant to 28 U.S.C. § 1404 or 1406.  Plaintiffs present no argument supporting this request.  Transfer is not warranted as discussed below.

The district court's authority to transfer venue is based on two statutes, 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a). Section 1404(a) permits a change of venue for the convenience of parties and witnesses. However, a transfer under § 1404(a) may not be granted when the district court does not have personal jurisdiction over the defendants. *Bunting ex rel. Gray v. Gray,* 2 Fed. Appx. 443 (6th Cir. 2001); *Pittock v. Otis Elevator Co.,* 8 F.3d 325 (6th Cir. 1993).   Section 1406(a) allows a district court to grant a change of venue when venue was improper in the original forum.  In particular, this section provides that a district court with a case "laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Unlike § 1404(a), this section does not require that the district court have personal jurisdiction over the defendants before transferring the case.  *Id.* (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962) ).  Plaintiffs, however, have not filed a motion to transfer pursuant to § 1406 and have presented no basis showing that the Court should grant a change of venue.

5

**Conclusion**

For the foregoing reasons, defendants' Motion to Dismiss for Lack of Personal Jurisdiction is granted. The dismissal is without prejudice. See *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir.2005) ("Dismissals for lack of personal jurisdiction should be made 'without prejudice' ").

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 6/9/08